IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CHERYL M. AUSTIN,                       )
                                        )
    Plaintiff,                          )
                                        )
VS.                                     )    No. 13-2830-JDT
                                        )
COMMISSIONER OF                         )
SOCIAL SECURITY,                        )
                                        )
    Defendant.                          )

ORDER AFFIRMING DECISION OF COMMISSIONER

    Plaintiff has filed this appeal of the denial of her applications for disability benefits and supplemental security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. §§ 401 et seq. Plaintiff's applications were denied initially and on reconsideration. On March 23, 2012, following a hearing, an administrative law judge ("ALJ") found that Plaintiff was not under a disability as defined in the Act. The Appeals Council of the Social Security Administration adopted the ALJ's decision with some modifications, as discussed below. This decision became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

    Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Wyatt v. Secretary, 974 F.2d 680, 683 (6th Cir. 1992); Cohen v. Secretary, 964 F.2d 524, 528 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id.

Plaintiff was born on January 6, 1959, and was fifty one years old at the time of the filing of her applications for benefits on January 22, 2010. R. 35-38. She has a high school education. R. 12. Plaintiff claims disability from chronic obstructive pulmonary disease and degenerative disc disease. R. 13.

The ALJ determined that: (1) Plaintiff met the insured status requirements of the Act through March 31, 2012; (2) Plaintiff has not engaged in substantial gainful activity since her alleged onset date; (3) Plaintiff has the following severe impairments: chronic obstructive

pulmonary disease and degenerate disc disease; however, she does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff has the residual functional capacity to perform light work except she must avoid concentrated exposure to dust, fumes, gases, poorly ventilated areas and other pulmonary irritants; (5) Plaintiff's residual functional capacity does not preclude performance of her past relevant work as a mail clerk; (6) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Appeals Council agreed with all of these findings except the finding that Plaintiff had past relevant work as a mail clerk. The parties agree with the Appeals Council's conclusion, as does the court. There is no evidence that Plaintiff ever worked as a mail clerk. However, the Appeals Council found that Plaintiff had past relevant work as a sewing machine operator and that her residual functional capacity did not preclude her returning to this work. Plaintiff disputes this finding.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520. Here, the sequential analysis proceeded to the fourth step. The Appeals Council found that Plaintiff could perform her past relevant work as a sewing machine operator and, therefore, was not disabled within the meaning of the Act.

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work. 20 C.F.R. §§ 404.1520(e), 404.1560(b); see also Social Security Ruling 82-62, 1982 WL 31386, *3 (S.S.A.). Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful

4

activity. 20 C.F.R. § 404.1565(a). If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled. 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561. A claimant must prove that she is unable to return to her past relevant work either as she performed that work or as that work is generally performed in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). In the present case, Plaintiff has failed to carry her burden of proof.

Plaintiff contends that the Appeals Council erred in finding that she had past relevant work as a sewing machine operator and erred in finding that an individual with Plaintiff's residual functional capacity, especially the limitation requiring avoidance of concentrated odors, fumes, and dust, could perform that job. Plaintiff seeks a remand for another hearing to address these issues.

Plaintiff reported that she worked as a sewing machine operator from June 1997 until October 2000. R. 126, 132, 134. According to Plaintiff, she worked forty hours per week at a rate of $5.15 per hour, which results in monthly average earnings of approximately $892. Plaintiff earned $6,412 in 1997, $8,845 in 1998, $6,849 in 1999, and $7,846 in 2000. R. 5, 113. Although she had several employers during this period, the record shows that she received earnings from James H. Moore and Son Garment Company of $959.43 in 1997, $6,419.82 in 1998, $6,705.00 in 1999, $5,878.16 in 2000, $2,720.98 in 2001, and $427.28 in 2002. R. 110.

There is no requirement that a job be performed at the substantial gainful activity level

every year in order for it to be considered past relevant work.[1] Plaintiff's work as a sewing machine operator at James H. Moore and Son Garment Company was substantial gainful activity in 1998 and the first half of 1999, and the Appeals Council properly determined that Plaintiff's work as a sewing machine operator was done within the past fifteen years, was substantial gainful activity, and lasted long enough for her to learn how to do it. See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

Next, Plaintiff contends that the Appeals Council assertion that, under the Dictionary of Occupational Titles ("DOT"), work in a sewing factory as a sewing machine operator does not involve exposure to dust, fumes, gases, poorly ventilated areas, or other pulmonary irritants is not supported by substantial evidence. Plaintiff's description of her work and the DOT provide substantial evidence to support the Appeals Council's finding that Plaintiff could perform her past relevant work as a sewing machine operator.

An ALJ may rely on a claimant's own description of her work to determine the demands of the job as she performed the job and on the DOT to determine the demands of a claimant's past relevant work as it is generally performed in the national economy. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); Social Security Ruling (SSR) 82-61. In the present case, Plaintiff reported that she sat for up to seven hours, stood for one hour, and walked for one hour in this position; less than ten pounds was the heaviest weight she lifted; and less than ten pounds was the weight she frequently lifted. R. 134. She did not report that her past

---

[1] From January 1990-June 1999, the requirement for substantial gainful activity was monthly earnings that averaged more than $500. From July 1999-December 2000, this month figure increased to $700. See 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).

work, as she actually performed it required, "concentrated exposure to dust, fumes, gases, poorly ventilated areas and other pulmonary irritants."

According to the DOT, the sewing machine operator position as it is generally performed in the national economy is characterized as light work. See DOT, § 787.682-046, 1991 WL 681100 (4th ed. 1991). While the DOT does not classify jobs according to exposure to dust, fumes, gases, poorly ventilated areas, it does include job definition components that encompass such exposure. The DOT definition for sewing machine operator does not require exposure to any of the aforementioned conditions. See DOT, § 787.682-046, 1991 WL 681100.

When the ALJ determines that Plaintiff can perform past relevant work at step four of the sequential evaluation, the disability determination ends and consideration of whether Plaintiff can perform other work at step five of the evaluation is unnecessary. 20 C.F.R. § 404.1560(b). Therefore, the decision of the Commission is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE